

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-82,005-03

### EX PARTE SONNY D. SILVAS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. A-37,468-B IN THE 70TH DISTRICT COURT FROM ECTOR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to thirty-five years' imprisonment. The Eleventh Court of Appeals affirmed his conviction. *Silvas v. State*, No 11-11-00169-CR (Tex. App.—Eastland June 6, 2013) (not designated for publication).

In a single ground, Applicant contends that appellate counsel failed to argue that the trial court erred in assessing $3,000.00 in attorney's fees. *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v.*

*Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond to Applicant's claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing appellate counsel's response, the trial court shall make findings of fact and conclusions of law as to whether: (1) the trial court assessed $3,000.00 in attorney's fees; (2) if so, these fees were improperly assessed, *see Mayer*, 309 S.W.3d at 556 (Tex. Crim. App. 2010); (3) appellate counsel knew or should have known that $3000.00 in attorney's fees were assessed and could have litigated the assessment of fees on appeal; (4) appellate counsel was deficient; and (5) Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be

requested by the trial court and shall be obtained from this Court.

Filed: November 20, 2019
Do not publish